MURPHY, Circuit Judge,
with whom HENRY, Circuit Judge, joins, dissenting.
I respectfully dissent from the majority’s conclusion that the “made retroactive” language in paragraph eight of 28 U.S.C. § 2255 is triggered only if (1) the Supreme Court explicitly states that the newly recognized constitutional right applies retroactively or (2) the Court applies the rule retroactively. Instead, I would hold that a new constitutional rule announced by the Supreme Court is “made retroactive” to cases on collateral review when that new rule satisfies the rigorous test set out by the Supreme Court in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
The Supreme Court’s grant of certiorari in Tyler v. Cain, — U.S.-, 121 S.Ct. 654, 148 L.Ed.2d 558 (2000), see Majority Op. at 1265 n. 2, would appear to obviate the need to set forth a detailed analysis of my views in this regard. As a consequence, I merely note that I am convinced by the analyses of the Third Circuit in West v. Vaughn, 204 F.3d 53, 58-63 (3d Cir.2000) and the Ninth Circuit in Flowers v. Walter, 239 F.3d 1096, 1100-05 (9th Cir.2001). Furthermore, the statutory language in § 2254(d)(1) demonstrates that when Congress sought to require an explicit Supreme Court ruling, it knew how to do so. See 28 U.S.C. § 2254(d)(1) (pro, viding that a state prisoner is entitled to habeas relief only if the relevant state court adjudication “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court” (emphasis added)). Finally, the majority’s interpretation of the eighth paragraph of § 2255 is at odds with a primary goal of the AEDPA: to have post-conviction claims resolved at the earliest possible opportunity. See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000) (opinion of Stevens, J.) (noting that one purpose of AEDPA is to “curb delays”); id. at 1518 (opinion of O’Connor, J.) (same); see also 28 U.S.C. § 2255 para. 6 (setting forth one-year statute of limitations to the bringing of a § 2255 petition).